IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Christopher R. Murray,** § § § § § § § § § § | |
| **Chapter 7 Trustee,** | |
| v. | Civil Action No. 22-01667 |
| **PricewaterhouseCoopers LLP and PricewaterhouseCoopers Advisory Services LLC,** | |
| **Defendants.** | |

### TRUSTEE'S COMPLAINT

Christopher R. Murray, the Chapter 7 Trustee for Q'Max America Inc. ("QAI"), and Anchor Drilling Fluids USA, LLC ("Anchor"), and for the Bankruptcy Estate of Q'Max America Inc., and Anchor Drilling Fluids USA, LLC, files this Original Complaint against Defendants PricewaterhouseCoopers LLP ("PwC") and PricewaterhouseCoopers Advisory Services LLC ("PwC AS").[1]

#### SUMMARY OF COMPLAINT

1. This action seeks to avoid and recover fraudulent and preferential transfers made by Debtor QAI to Defendants PwC and PwC AS between May 24, 2018, and May 24, 2020 (two (2) years prior to the filing of the above-styled bankruptcy case). Debtor QAI made transfers of at least $3,150,416.00 during that time to, and for the benefit of, Defendants PwC and PwC AS by way of money transfers at times when Debtor QAI was insolvent. The transfers were paid pursuant

---

[1] Citations to the Q'Max America, Inc. and Anchor Drilling Fluids USA, LLC's bankruptcy case, Case No. 20-60030 ("Bankruptcy Case") will be "Bankr. ECF No. 1."

to invoices issued to, and for services provided for, non-party, and 100% owner of Debtor QAI, Q'Max Solutions, Inc. ("QSI").

2. The Trustee may avoid and recover these payments as fraudulent transfers pursuant to 11 U.S.C. §§ 547, 548, and 550 and Chapter 24 of the Texas Business and Commerce Code.

3. Debtor QAI had no legal obligation to make these transfers and received no benefit from making any of these transfers.

## JURISDICTION, VENUE & AND CONSTITUTIONAL AUTHORITY

4. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, and 1334.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

6. The Trustee consents to entry of a final judgment by this Court in this matter.

## PARTIES

7. Plaintiff is the duly appointed chapter 7 trustee for the Bankruptcy Estate of Debtor QAI. Plaintiff may be served with pleadings and process in this case through its undersigned counsel.

8. Defendant PricewaterhouseCoopers LLP is a Limited Liability Partnership organized under the laws of Delaware and may be served through its registered agent The Corporation Trust Company at 1209 Orange Street, Wilmington, Delaware 19801, or wherever it may be found.

9. Defendant PricewaterhouseCoopers Advisory Services LLC is a Limited Liability Company organized under the laws of Delaware and may be served through its registered agent The Corporation Trust Company at 1209 Orange Street, Wilmington, Delaware 19801, or wherever it may be found.

## STATEMENT OF FACTS

10. Debtor QAI was an independent oilfield services company focused on providing drilling fluids and solids control services to national and independent oil companies. Debtor QAI was based in Houston, Texas.

11. Debtor QAI failed to make payments on debt as it became due in early 2018. Indeed, Debtor QAI was making late payments to Defendants PwC and PwC AS at this time. These late payments became progressively later over time.

12. On May 24, 2020 ("Petition Date"), Debtor QAI filed a voluntary Chapter 7 petition for bankruptcy under title 11 of the Bankruptcy Code, commencing bankruptcy case number 2-60030 in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division. On the same day, Debtor Anchor filed a voluntary Chapter 7 petition commencing bankruptcy case number 20-60031 in the same court. Plaintiff was appointed as the Chapter 7 trustee for both.

13. On May 27, 2020, the bankruptcies were ordered combined for joint administration.

14. Debtor QAI is owned by its parent corporation, Central Procurement Inc. ("CPI").

15. CPI is a holding company that wholly owns Debtor QAI, Anchor Drilling Fluids USA, LLC (jointly administered in the bankruptcy), and C&A Grinding, L.L.C.

16. CPI is wholly owned by Q'Max Solutions Inc. ("QSI"). QSI is a holding company that owns CPI, as well as complete or partial ownership over numerous other Q'Max related entities including:

   a. Q'Max Financial Holdings Inc.;

   b. Q'Max Canada Operations;

   c. Central Procurement Inc. (Barbados entity);

   d. Q'Max Middle East FZE;

    e. Q'Max Equidor S.A.;

    f. Q'Max Solutions Singapore Pte. Ltd.;

    g. India Project Office;

    h. United Q'Max Drilling Fluids Company Co.;

    i. Q'Max Arabian Oil & Gas Services Co.;

    j. Tri-Max Solutions Limited;

    k. Q'Max Solutions Holdings Inc.;

    l. Q'Max Servicios Administravos S.A. de C.V.;

    m. Q'Max Servicios Tecnicos S.A. de C.V.;

    n. Q'Max Mexico, S.A. de C.V.;

    o. Environmental Solutions for Petroleum Services – Free Zone – S.A.E.;

    p. SARL Environmental Solutions Algeria;

    q. Q'Max Servicios de Ingenieria S.A. de C.V.;;

    r. 1256760 Alberta Ltd.; and

    s. Q'Max do Brasil Solucoes do Petroleo Ltda.

17. QSI, responsible for all of the above, hired Defendants PwC and PwC AS to provide auditing and consulting services to QSI.

18. However, while Debtor QAI was struggling financially, QSI was paying for its auditing and consulting services from Defendants PwC and PwC AS through Debtor QAI's accounts. In other words, QSI was using Debtor QAI's accounts to pay for auditing and consulting services that were of no, or almost no, benefit to Debtor QAI.

19. For example, Defendant PwC's May 21, 2019, billing statement (which Debtor QAI did not pay until October 11, 2019, nearly four months after it was due) indicates it was for services provided to QSI.

```
pwc                                          PREFINANCE
May 21, 2019                                 PAYMENT DUE: 06/20/19
                                             INVOICE NUMBER : 1034230757-5

                                             SEND CHECK PAYMENT TO:
                                             PricewaterhouseCoopers LLP
                                             P.O. Box 7247-8001
Steve Manz                                   Philadelphia, PA  19170-8001
Vice President & CFO
11700 Katy Freeway                           WIRE TRANSFER INSTRUCTIONS:
Suite 200                                    Citibank NA, New York, NY
Houston, TX 77079                            Account #: 30408437
USA                                          ABA #: 021000089 : Swift #: CITIUS33
                                             To Credit: PricewaterhouseCoopers LLP
                                             To initiate Automated Clearing House payments,
                                             please visit our website:
                                             www.pwc.com/us/ach or call:
                                             1 877 351 6402
                                             PwC TAX ID #: 134008324
                                             PwC D&B #: 00-186-37-94


Second progress billing for the Q1 2019 and Q1 2018 review of Q'Max Solutions,     $    60,000.00
Inc.

       Total Invoice Due By June 20, 2019                                          $    60,000.00
```

20. Clearly this work was of no benefit to Debtor QAI. Yet Debtor QAI paid for it.

21. The auditing and consulting payments were significant. Between May 2018 and the Petition Date, Debtor QAI paid Defendant PwC over $3.1 million for work benefiting and on behalf of QSI.

| Payment Date | Payment To | Payment Amount |
| --- | --- | --- |
| 5/3/2018 | PwC | $85,000.00 |
| 5/3/2018 | PwC | $15,133.00 |
| 6/7/2018 | PwC | $35,000.00 |

| Date | Payee | Amount |
|---|---|---|
| 6/22/2018 | PwC | $80,000.00 |
| 8/9/2018 | PwC | $15,000.00 |
| 8/16/2018 | PwC | $15,364.00 |
| 8/16/2018 | PwC | $15,812.00 |
| 9/6/2018 | PwC | $15,876.00 |
| 10/18/2018 | PwC | $15,749.00 |
| 10/18/2018 | PwC | $100,000.00 |
| 10/18/2018 | PwC | $25,000.00 |
| 10/18/2018 | PwC | $15,624.00 |
| 11/23/2018 | PwC | $100,000.00 |
| 11/23/2018 | PwC | $7,500.00 |
| 1/4/2019 | PwC | $31,961.00 |
| 2/8/2019 | PwC | $100,000.00 |
| 2/8/2019 | PwC | $40,000.00 |
| 2/14/2019 | PwC | $100,000.00 |
| 4/5/2019 | PwC | $30,140.00 |
| 4/5/2019 | PwC | $30,000.00 |
| 4/5/2019 | PwC | $160,000.00 |
| 4/5/2019 | PwC | $104,000.00 |
| 4/15/2019 | PwC | $56,902.00 |
| 4/15/2019 | PwC | $32,672.00 |
| 4/15/2019 | PwC | $15,712.00 |
| 5/14/2019 | PwC | $43,993.00 |
| 5/14/2019 | PwC | $40,000.00 |
| 5/14/2019 | PwC | $96,000.00 |
| 7/19/2019 | PwC | $140,000.00 |
| 7/26/2019 | PwC | $141,000.00 |
| 8/2/2019 | PwC | $160,000.00 |
| 8/9/2019 | PwC | $50,000.00 |
| 8/9/2019 | PwC | $38,149.00 |
| 9/20/2019 | PwC | $160,000.00 |
| 10/11/2019 | PwC | $60,000.00 |
| 11/22/2019 | PwC | $67,432.00 |
| 11/22/2019 | PwC | $32,658.00 |
| 12/6/2019 | PwC | $13,565.00 |
| 1/3/2020 | PwC | $8,308.00 |
| 1/3/2020 | PwC | $6,955.00 |
| 2/21/2020 | PwC | $100,000.00 |
| 3/2/2020 | PwC | $250,000.00 |

| 3/9/2020 | PwC | $100,000.00 |
| --- | --- | --- |
| 3/9/2020 | PwC | $150,000.00 |
| 3/13/2020 | PwC | $47,983.00 |
| 3/13/2020 | PwC | $202,017.00 |
| | **Total:** | **$3,150,416.00** |

22. Because Defendants PwC and PwC AS were engaged by, and provided services to, QSI, all payments made by Debtor QAI to Defendants PwC and PwC AS were improper, as Debtor QAI did not benefit from any such services provided by Defendants.

23. Defendants PwC and PwC AS are financial experts hired to perform auditing and financial consulting services. These Defendants had insider knowledge of the financial condition across the QSI holdings.

24. Despite knowing it did not benefit from the services provided by Defendants PwC and PwC AS to QSI, and knowing it was not obligated to proffer any payments to Defendants PwC and PwC AS because (1) no invoices were submitted to it, and (2) no contract between Defendants and Debtor QAI existed, as the contracts were entered into, by, and between QSI and Defendants PwC and PwC AS, Debtor QAI nonetheless transferred over $3 million in payments to Defendants PwC and PwC AS, which it knew would prevent this money from going to its true creditors.

## CAUSES OF ACTION

### COUNT 1
### FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§ 548 AND 550

25. Plaintiff realleges and incorporates all allegations of fact contained in the preceding paragraphs as if fully set forth herein.

26. The Avoidable Transfers made before the Petition Date are avoidable as fraudulent transfers under 11 U.S.C. § 548(a)(1)(A) because Debtor QAI made these transfers with actual intent to hinder, delay, or defraud its creditors. Indeed, numerous badges of fraud exist.

27. First, Debtor QAI did not receive adequate consideration for the transfers. Debtor QAI did not engage Defendant PwC nor Defendant PwC AS. Debtor QAI did not receive work product from either Defendant. And Debtor QAI did not receive any other tangible benefit from the work down by Defendants PwC and PwC AS for QSI. Yet Debtor QAI paid the bill.

28. In addition, Debtor QAI's financial condition was deteriorating before the transfers begun. As outlined above, Debtor QAI was unable to make payments on debt as it became due in February 2018, including payments to Defendants PwC and PwC AS.

29. The transfers were also constructively fraudulent because Debtor QAI clearly received less than equivalent value. Defendants PwC and PwC AS provided services on behalf of Debtor QAI's parent, QSI, for which Debtor QAI paid the bill. As a result, Debtor QAI could not have received equivalent value for the transfer. Only QSI could have.

30. The Avoidable Transfers made before the Petition Date are avoidable as fraudulent transfers under 11 U.S.C. § 548(a)(1)(B) because:

   A. Debtor QAI made these transfers and received less than a reasonably equivalent value in exchange for such transfer or obligations, and in fact, received no value;

   B. Debtor QAI was insolvent on the date each such transfer was made, or such obligation was incurred, or became insolvent as a result of such transfer or obligation; and

   C. Debtor QAI was not personally liable for the debts satisfied by the Avoidable Transfers.

31. Under 11 U.S.C. § 550(a), the Trustee may recover the value of the Avoidable Transfers from "the initial transferee of such transfer of the entity for whose benefit such transfer was made." Defendants PwC and PwC AS were the initial transferees of the Avoidable Transfers. In the alternative, Defendants PwC and PwC AS were the entities for whose benefit such transfers

were made. Therefore, the Trustee is entitled to avoid and recover the value of the Avoidable Transfers from Defendants PwC and PwC AS.

## COUNT 2
### ALTERNATIVE RELIEF: AVOIDANCE OF PREFERENCE PAYMENTS PURSUANT TO 11 U.S.C. § 547(b)

32. Plaintiff realleges and incorporates all allegations of fact contained in the preceding paragraphs as if fully set forth herein.

33. In the event these transfers are considered debts or obligations of Debtor QAI, such transfers amounted to preference payments.

34. The payments identified in the table below ("Preference Payments") constitute transfers of an interest in property of Debtor QAI, made to or for the benefit of Defendants PwC and PwC AS. Specifically, Debtor QAI made payments for the benefit of Defendants PwC and PwC AS by way of electronic payments, as can be seen in the table below, at a time when Debtor QAI was insolvent.

| Payment Date | Payment To | Payment Amount |
|---|---|---|
| 3/2/2020 | PwC | $250,000.00 |
| 3/9/2020 | PwC | $100,000.00 |
| 3/9/2020 | PwC | $150,000.00 |
| 3/13/2020 | PwC | $47,983.00 |
| 3/13/2020 | PwC | $202,017.00 |
| | Total: | $750,000.00 |

35. Payments made in the 90 days before the Petition Date amount to $750,000.00.

36. The Trustee conducted an evaluation of the reasonably known affirmative defenses to avoidance of the Transfers under the circumstances of this case, and the Trustee determined he may avoid the transfers even after considering any potential statutory defenses under § 547(c). The Trustee reviewed the accounting records available to him and was unable to identify any new

value.

37. As a result, $750,000.00 are preference payments and should be avoided.

## COUNT 3
## TEXAS UNIFORM FRAUDULENT TRANSFERS ACT

38. Plaintiff realleges and incorporates all allegations of fact contained in the preceding paragraphs as if fully set forth herein.

39. The Avoidable Transfers are avoidable as fraudulent transfers under TEX. BUS. & COM. CODE ANN. § 24.001, *et. seq.* ("Texas Uniform Fraudulent Transfer Act" or "TUFTA"), which the Trustee incorporates pursuant to 11 U.S.C. § 544(b)(1).

40. One or more creditors exist whose claims arose before some of the Avoidable Transfers for whom the Trustee can act.

41. Debtor QAI made the Avoidable Transfers for the benefit of QSI and/or Defendants PwC and PwC AS with the actual intent to hinder, delay, or defraud one or more of its true creditors. These transfers exhibit badges of fraud. The Trustee incorporates by reference the facts set forth in paragraphs 14-18, *supra*, setting forth the facts supporting a finding that Debtor QAI had actual intent to hinder, delay, or defraud. Accordingly, the Avoidable Transfers are fraudulent under TEX. BUS. & COM. CODE ANN. § 24.005(a)(1), and the Trustee may avoid and recover the Avoidable Transfers from Defendants PwC and PwC AS.

42. Debtor QAI made the Avoidable Transfers to Defendants PwC and PwC AS without receiving reasonably equivalent value in exchange for the Transfers. Additionally, when Debtor QAI made the Avoidable Transfers for the benefit of Defendants PwC and PwC AS, it (1) was engaged or was about to engage in a business or transaction for which the remaining assets of Debtor QAI were unreasonably small in relation to the business or transaction, or (2) intended to incur, or believed or reasonably should have believed that Debtor QAI would incur, debts beyond

its ability to pay as they became due. Accordingly, the Avoidable Transfers are fraudulent under Tex. Bus. & Com. Code Ann. § 24.005(a)(2), and the Trustee may avoid and recover the Avoidable Transfers from Defendants PwC and PwC AS.

43. Debtor QAI made the Avoidable Transfers to the transferees for the benefit of Defendants PwC and PwC AS and QSI (1) without receiving reasonably equivalent value in exchange for the Avoidable Transfers, and (2) Debtor QAI either was insolvent when it made the Avoidable Transfers, or it became insolvent, partially as a result of the Avoidable Transfers. At the time of the Avoidable Transfers, (1) Debtor QAI's debts exceeded the fair valuation of all of its assets, and (2) Debtor QAI was generally not paying its debts as they became due. Accordingly, the Avoidable Transfers are fraudulent under Tex. Bus. & Com. Code Ann. § 24.006(a), and the Trustee may avoid and recover the Avoidable Transfers.

44. Because the Avoidable Transfers were fraudulent under Tex. Bus. & Com. Code Ann. §§ 24.005(a)(1) and (2) and 24.006(a), the Trustee may avoid the Avoidable Transfers to Defendants PwC and PwC AS under Tex. Bus. & Com. Code Ann. § 24.008. Pursuant to 11 U.S.C. § 550(a) and Tex. Bus. & Com. Code Ann. § 24.008, the Trustee may recover from Defendants PwC and the PwC AS the value of the Avoidable Transfers.

## CONSTRUCTIVE TRUST

45. Once an entity becomes insolvent and can no longer continue normal business operations, its assets become a trust fund for the benefit of all creditors. *Tigrett v. Pointer*, 580 S.W.2d 375, 383 (Tex. Civ. App.—Dallas 1979, writ ref'd n.r.e.). Any assets that are transferred to or for the benefit of an officer, director, or owner are held in a constructive trust. *Southwest Livestock & Trading Co. v. Dooley*, 884 S.W.2d 443, 444 (Tex. App.—San Antonio 1994, writ denied); *Donovan v. Rankin*, 768 S.W.2d 443, 444 (Tex. App.—Houston [1st Dist.] 1989, writ

denied). The Trustee requests that a constructive trust be imposed against all Avoidable Transfers made to Defendant PwC and PwC AS.

### TURNOVER OF PAYMENTS UNDER 11 U.S.C. § 542

46. All of the Avoidable Transfers made to Defendants PwC and PwC AS are property of the Bankruptcy Estate. The Avoidable Transfers are in a known amount. The Trustee seeks a judgment requiring the turnover of all Avoidable Transfers and all proceeds derived therefrom pursuant to 11 U.S.C. § 542.

### ATTORNEYS' FEES

47. The Trustee requests an award of his reasonable attorneys' fees and costs pursuant to TEX. BUS. & COM. CODE ANN. § 24.013 and all other applicable law.

### PRE- AND POST-JUDGMENT INTEREST

48. The Trustee seeks pre- and post-judgment interest on his recovery at the maximum amount allowable by law.

### PRAYER

49. Accordingly, the Trustee requests the entry of a judgment against Defendant PricewaterhouseCoopers LLP and Defendant PricewaterhouseCoopers Advisory Services LLC consistent with the above-stated causes of action, including all actual damages, turnover, the imposition of a constructive trust, attorneys' fees and costs, pre- and post- judgment interest, and all such other and further relief to which the Trustee may be justly entitled.

Dated: May 23, 2022

Respectfully submitted

MCDOWELL HETHERINGTON LLP

By: /s/ Nicholas R. Lawson
Nicholas R. Lawson

        Texas Bar No. 24083367
        Avi Moshenberg
        Texas Bar No. 24083532
        Matthew Caldwell
        Texas Bar No. 24107722
        McDowell Hetherington LLP
        1001 Fannin Street, Suite 2700
        Houston, TX 77002
        P: 713-337-5580
        F: 713-337-8850
        E: Nick.Lawson@mhllp.com
           Avi.Moshenberg@mhllp.com
           Matthew.Caldwell@mhllp.com

***COUNSEL FOR CHRISTOPHER R. MURRAY, CHAPTER 7 TRUSTEE***